**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Hoch, an individual, and
Joseph Marble, an individual,

Plaintiffs,

vs.

Mastercard International Incorporated, a Delaware corporation, and McCann-Erickson USA, Inc., a New York corporation,

Defendants.

Civil Action No. 01-2104 ADM/AJB

**PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys for the parties as follows:

This Protective Order (the "Order") governs information disclosed in discovery in the course of this action (the "Lawsuit") that a party or non-party wishes to maintain in confidence in accordance with the terms of this Order. The following procedures shall be followed with respect to any such material:

1. This Order is meant to encompass all forms of disclosure of information that a party or non-party may regard as confidential, whether in testimony, documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspections and/or all other tangible items or media (including, without limitation, electronic or computer storage media, photographs, videocassettes, etc.).

FEB 08 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. A party or non-party may designate as "Confidential" any non-public information or material produced or filed in this Lawsuit that it in good faith believes contains trade secret or other confidential or proprietary information that it would not normally reveal to other parties to this action or to the public at large, that it would cause others to maintain in confidence or that it is required by others to maintain in confidence. Such material may be designated as "Confidential" in accordance with the procedures set forth in paragraphs 6 or 7 of this Order. Material designated as "Confidential" shall not be disclosed to any person or entity, except personnel of the parties who have a need to know the information for purposes of this Lawsuit, in-house and outside counsel for the parties and their employees, deponents, independent consultants and expert witnesses assisting counsel in this Lawsuit, court reporters (including video technicians) and the Court and its personnel. Any designation made in accordance with this paragraph shall also apply to all documents, materials or media that reproduce, paraphrase, summarize or otherwise contain "Confidential" material.

3. Any material designated as "Confidential" pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to receiving any material designated as "Confidential," the person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. Personnel of the parties, counsel for the respective parties (including legal assistants and clerical staff) and the Court and its personnel are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Documents shall be designated as subject to this Protective Order by marking them as "Confidential." Any marking shall be made in a manner that will not interfere with the legibility of the document. In lieu of marking original documents, the producing party may mark only the actual copies that are produced or exchanged. If any material has multiple pages, the designation need only be placed on the first page of such material.

6. For materials produced in non-written form, the party or non-party making the designation shall notify all parties and applicable non-parties in writing of the designation being made and describe in detail the specific materials that are being designated. In the case of non-written media, such as videotapes or computer diskettes, the producing party or non-party shall stamp or label the media produced with the term "Confidential."

7. In the event that any question is asked at a deposition that calls for the disclosure of material designated as "Confidential," the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as "Confidential" after the testimony has been given if: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty (30) days after receipt by the designating party or non-party of the respective deposition transcript. In the interim, all deposition transcripts in their entirety shall be treated as "Confidential" pursuant to paragraph 2 above. When "Confidential" material is incorporated in a deposition transcript, the party or non-party designating such information as "Confidential" shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of "Confidential" material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. If additional persons become parties to this Lawsuit, they shall not have access to any information designated as "Confidential" until they execute and file with the Court their written agreement to be bound by the terms of this Order.

10. Communications to the Court (including any pleadings, motions or other papers), that contain information designated as "Confidential" shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL MATERIALS—SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing "Confidential" materials shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

11. The Clerk of this Court is directed to maintain under seal all communications received by the Court pursuant to paragraph 10. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential

materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."

12. If a party is ordered to produce in another action or proceeding materials that have been designated by another party or non-party in this Lawsuit as "Confidential," then the party receiving such order shall promptly notify the designating party of the pending order and shall use its best efforts not to produce such material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such material.

13. If a party believes that any information designated as "Confidential" does not meet the criteria established in paragraph 2 for the designation that has been applied by the designating party (whether a party or non-party to this Lawsuit), it may object to the designation by notifying the designating party's counsel in writing and identifying the information contested. The designating party shall have fifteen (15) days after receipt of the objection to apply to the Court for a ruling that the material is properly designated as "Confidential." The burden of proof for any such application shall be upon the party (or non-party) seeking the designation. If no such application is timely made, the material in question will cease to be treated as "Confidential" material. If an application is timely made, the material shall be treated as "Confidential" until the Court enters an order ruling otherwise.

14. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted as soon as reasonably possible after the designating party becomes aware of the error. At such time, arrangements shall be made by all parties to designate the material "Confidential" in accordance with this Order.

15. No party or non-party shall be obligated to challenge the propriety of any "Confidential" designation of material at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of the designation.

16. This Order shall be without prejudice to the right of any party or applicable non-party to oppose production of any information or object to its admissibility into evidence; to seek relief from or modification of any provision contained herein upon motion to the Court; or to move for a separate protective order relating to any particular document or information, including restrictions different from those specified herein.

17. Within thirty (30) days after the termination of this Lawsuit (whether by dismissal or final judgment), counsel of record for each party shall return to the applicable producing party or parties, or certify to them in writing that they have destroyed, all materials designated as "Confidential" received on behalf of such party, including all copies and reproductions. Notwithstanding the foregoing, outside counsel for each party may retain a single copy of all materials designated as "Confidential" and of any documents properly classified as work product.

18. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

Dated: 2/6/02

ROBINS KAPLAN MILLER & CIRESI LLP
Ronald J. Schutz (#130849)
Ken R. Hall (#247017)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500

Attorneys for Plaintiffs

Dated: 1/30/02

FAEGRE & BENSON LLP
Calvin L. Litsey (#153746)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000

COWAN, LIEBOWITZ & LATMAN P.C.
Richard Dannay (pro hac vice)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 790-9200

Attorneys for Defendants

**IT IS SO ORDERED:**

Dated: 2/8, 2002

Arthur J. Boylan
United States Magistrate Judge

M2:20435170.03

**CONFIDENTIALITY AGREEMENT**

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Hoch, et al. Mastercard International Incorporated, et al.* Civil Action No. 01-2104 ADM/AJB, by the United States District Court for the District of Minnesota ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

Dated: ____________________

____________________________________
Signature

____________________________________
Printed Name

Subscribed and sworn to before
me this _________ day of
________________, 200_.
Witness my hand and official seal.

______________________________
Notary Public

M2:20435170.03

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.